International Accountants Society vs. Andrew A. Arsenault } No. 89698.

April 19, 1933.

FROST, J. Heard on plaintiff's motion for new trial after verdict for defendant.

In April, 1929, Arsenault, a young man twenty-one years of age, employed as a check teller in the Exchange Branch of Industrial Trust Comany, a banking institution in the City of Providence, entered into a contract with International Accountants Society of Chicago for a course of lessons in accountancy. The contract price of the course was $155, of which Arsenault paid $55. He ceased to make further payments and suit was brought to recover the balance. The defence was that defendant had been induced to enter into the contract through fraud on the part of the plaintiff in that its representative, one Baird, falsely stated that an office would be kept open in Providence and that he or some other competent person would be in attendance to give oral help and advice to Arsenault in the event that he needed assistance.

If such a statement was made to Arsenault, it may well have influenced him to take the course. In determining this essential point in the case; namely, whether Baird made certain promises that he knew would not be carried out, the jury did not have the benefit of Baird's testimony. He was not present nor was his deposition before the jury. On the other hand, Arsenault, a young man of good appearance, occupying a respectable position, testified that Baird had told him that a representative of the School would be at hand to render assistance to students; that he had gone several times to the Society's office in Providence and had found no one there to give him help.

From the evidence in the case the jury could reasonably find that misrepresentations of essential matters had been made and had been relied upon. Upon the evidence presented, the verdict, in the opinion of the Court, does substantial justice between the parties and plaintiff's motion is therefore denied.

For plaintiff: A. S. and A. P. Johnson, Jonas Sallet.

For defendant: James E. Brothers.